IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| SANDRA THORNTON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 20-cv-2468-PX |
| MEDHI HABIBI, *et al.*, | * | |
| Defendants. | * | |

******

## MEMORANDUM OPINION

Pending before the Court is Defendants Medhi Habibi and Amin Kandahari's motion to dismiss or, in the alternative, to compel arbitration and stay proceedings. ECF No. 4. The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the following reasons, Defendants' motion is GRANTED and the case is stayed pending the outcome of arbitration.

**I.   Background**

On March 14, 2020, Plaintiff Sandra Thornton ("Thornton") purchased a Mercedes-Benz C300 ("the C300") from Defendants' car dealership, "Global Auto Outlet" ("GAO"). ECF No. 2 ¶¶ 1, 7–13. Defendants Habibi and Kandahari own and manage the dealership for which GAO is the trade name. *Id.* ¶¶ 1, 3–4. As part of the sale, Thornton and a GAO representative signed the "Global Auto Outlet Arbitration Agreement" (the "Agreement"), ECF Nos. 4-3; 6-1 ¶ 2, which states, in pertinent part:

> Buyer(s) and Dealer agree that if any Dispute (defined below) occurs arising out of or related to the Buyer's purchase of the Vehicle, or any other document, agreement or negotiation relating to the Vehicle (including Buyer's Order and the Retail Installment Sale Contract "RISC"), then, at the request of either party, such dispute shall be resolved by binding arbitration by one arbitrator located in the federal district in which the Vehicle was purchased. The validity of the arbitration clause shall also be resolved by binding arbitration. . . . The parties agree and understand that they choose arbitration instead of

>litigation to resolve disputes.  Except as provided herein, the parties agree and understand that all disputes arising under any and all laws, including, but not limited to all contract, tort or property disputes will be subject to binding arbitration in accordance with the terms hereof. . . . The parties agree that once one of the parties has elected to arbitrate, binding arbitration is the exclusive method for resolving any and all disputes[.]

ECF No. 4-3.

The Agreement further defines the term "Dispute" as including "any question as to whether something must be arbitrated, a[s] well as any allegation concerning a violation of state and federal statute that may be subject of binding arbitration[.]" *Id.*

On June 17, 2020, Thornton filed a four-count Complaint in the Circuit Court for Prince George's County, Maryland, against Habibi and Kandhari as owners of GAO, alleging violations of the Maryland Consumer Debt Collection and Maryland Consumer Protection Acts, as well as for fraudulent misrepresentation and trespass-to-chattels.  ECF Nos. 1, 2.  The lawsuit concerns Defendants' alleged misrepresentations regarding the price and included features for the C300, threats to garnish Thornton's wages to pay for the vehicle, and use of Thornton's other vehicle without permission.  ECF No. 2

Defendants timely removed the case to this Court and next moved to dismiss or alternatively compel arbitration pursuant to the Federal Arbitration Act (the "FAA") and Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  ECF No. 1, 4.  Because the Agreement plainly covers this suit and requires that even threshold questions of arbitrability be decided by an arbitrator, this Court must grant Defendants' motion.

II. **Standard of Review**

A motion to dismiss brought pursuant to Rule 12(b)(1) challenges the Court's limited subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1); *see United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009).  The Court may grant a motion to dismiss on 12(b)(1) grounds "only if the material jurisdictional facts are not in dispute and the moving party is entitled to

prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also Jadhav*, 555 F.3d at 347–48.  The plaintiff bears the burden of proving that subject matter jurisdiction exists.  *Piney Run Preservation Ass'n v. Cnty. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008).

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  When ruling on a motion under Rule 12(b)(6), the court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff.  *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  To survive challenge, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").  Likewise, the Court need not accept unsupported legal allegations, *see Revene v. Charles Cty. Commr's*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

This Court has considered motions to dismiss in favor of arbitration under both provisions.  *See Lomax v. Weinstock, Friedman & Friedman, P.A,* No. CCB-13-1442, 2014 WL 176779, at *2 (D. Md. Jan. 15, 2014), *aff'd sub nom.* 583 F. App'x 100 (4th Cir. 2014) ("Courts

3

have found it proper to dismiss claims subject to arbitration agreements under both Rule 12(b)(1) and Rule 12(b)(6)."); *but see Enter. Info. Mgmt., Inc. v. SuperLetter.com, Inc.*, No. DKC-13-2131, 2013 WL 5964563, at *3 (D. Md. Nov. 7, 2013) ("Although no Federal Rule of Civil Procedure expressly addresses motions to dismiss or stay pending arbitration . . . the Fourth Circuit has 'held that a motion to dismiss based on a forum-selection clause,' including an arbitration provision, 'should be treated as a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3)'") (quoting *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 (1974) and citing *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 365–66 & n.9 (4th Cir. 2012)).  Where, as here, the motion rests on a written agreement to arbitrate disputes, the Court may look to the contents of that agreement even if outside the four corners of the complaint.  *See, e.g.*, *Philogene v. Data Networks, Inc.*, No. PWG-17-1318, 2018 WL 1014929, at *3 (D. Md. Feb. 21, 2018) ("In considering [a Rule 12(b)(1)] motion, 'the Court may . . . consider matters beyond the allegations in the complaint' [if] Defendant asserts that 'the jurisdictional allegations in the complaint are not true.'").

**III.   Analysis**

Thornton does not challenge that she entered into the Agreement.  Rather, Thornton argues that because Defendants are not signatories to the Agreement, they cannot enforce it. ECF No. 6 at 7–9.  Alternatively, Thornton maintains that the Agreement is substantively and procedurally unconscionable.  *Id.* at 2–7.  Lastly, Thornton argues that even if the Agreement is enforceable, the trespass-to-chattels claim falls outside the scope of the arbitration provision.  *Id.* at 9–10.  None of Thornton's arguments are compelling.

As an initial matter, there is no dispute that the Agreement on its face compels arbitration under the FAA.  The Agreement clearly and unambiguously requires that "any Dispute arising

out of or related to the Buyer's purchase of the Vehicle, or any other document, agreement or negotiation relating to the Vehicle" is subject to arbitration. ECF No. 4-3. Thornton asserts more narrowly that neither Defendant can enforce the Agreement because neither of them signed it. ECF No. 6 at 7–8.

To be sure, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 416 (4th Cir. 2000) (quoting *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)). That said, "[i]t does not follow . . . that under the [FAA] an obligation to arbitrate attaches only to one who has personally signed the written arbitration provision." *Id.* at 416 (quoting *Fisser v. Int'l Bank*, 282 F.2d 231, 233 (2d Cir. 1960)). Theories "arising out of common law principles of contract and agency law" can provide a basis for binding non-signatories to arbitration agreements. *Id.* at 417 (citing *Thomson—CSF, S.A v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995)); *see also Am. Bankers Ins. Group, Inc. v. Long*, 453 F.3d 623, 627 (4th Cir. 2006).

When viewing the Complaint facts as true and most favorably to Thornton, GAO is a mere trade name which refers to the car dealership Defendants own and manage together. ECF No. 2 ¶¶ 1, 3–4. A trade name is not a separate legal entity; it is "merely descriptive of a person . . . who does business under another name." § 2442. Assumed or Fictitious Names, 6 Fletcher Cyc. Corp. § 2442 (Sept. 2020 Ed.). It is also not disputed that the individuals doing business as GAO are Defendants Habibi and Kandahari. This is best reflected in Thornton's decision to proceed against the Defendants individually and *not* GAO. ECF No. 6 at 7. Accordingly, once the Agreement is executed by GAO's "representative," common law agency principles render

5

the Agreement binding and applicable to the Defendants as its owners.  Thus, Defendants may enforce its terms.  *See Int'l Paper Co.*, 206 F.3d at 417.

Thornton next challenges the enforceability of the Agreement as substantively and procedurally unconscionable.  ECF No. 6 at 2–7.  Defendants rightly respond that the Agreement clearly states that the arbitrator, not this Court, will decide threshold questions of the Agreement's enforceability.  ECF No. 8 at 5–7.  Where, as here, the parties unambiguously agreed to delegate such "gateway" questions of arbitrability to the arbitrator, *see Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 69–71 (2010), the delegation provision must be respected. *Meena Enterprises, Inc. v. Mail Boxes Etc.*, No. DKC-12-1360, 2012 WL 4863695, at *5 (D. Md. Oct. 11, 2012) (citing *Rent-A-Center*, 561 U.S. at 68–70); *Henry Schein, Inc. v. Archer and White Sales*, 139 S. Ct. 524, 528 (2019) ("When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract.").

Thornton does not attack specifically the validity of the Agreement's delegation provision.  *See Gibbs v. Haynes Invs., LLC*, 967 F.3d 332, 338 (4th Cir. 2020) (explaining that "the party must at least reference the provision in its opposition to a motion to compel arbitration.").  Nor can the Court discern any infirmities in the requirement that "the validity of the arbitration clause shall also be resolved by binding arbitration."  ECF No. 4-3.  Accordingly, Thornton's challenge to the enforceability of the Agreement (ECF No. 6 at 2–7) must be raised before the arbitrator.

Thornton's last argument suffers the same fate.  Thornton urges this Court to conclude that the trespass-to-chattels claim falls outside the scope of the Agreement.  But this too must be decided by the arbitrator per the above-described gateway provision.  *See* ECF No. 4-3

6

("Disputes" as defined in Agreement include "any question as to whether something must be arbitrated."). Defendants' motion to compel arbitration must be granted.

## IV. Conclusion

Finding none of Thornton's arguments availing, the Court grants Defendants' motion. However, because threshold questions concerning the enforceability of the Agreement remain, the Court will stay rather than dismiss the case in the event that the arbitrator decides that some or all of the claims are not subject to the Agreement. *See, e.g.*, *Meena Enterprises*, 2012 WL 4863695, at *6; *Sher v. Goldman Sachs*, No. CCB–11–2796, 2012 WL 1377066, at *6 (D. Md. Apr.19, 2012) (dismissal not warranted where "the court has found that the arbitrator should decide whether [the plaintiff's] claims are arbitrable").

A separate order will follow.

    05/10/21                                                    /s/
Date                                                                Paula Xinis
                                                                       United States District Judge